UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIARA THOMAS,

    Plaintiff,

                                    Case No. 23-10003

v.

                                    HON. DENISE PAGE HOOD

USAA FEDERAL SAVINGS BANK,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [ECF No. 12] and GRANTING DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT [ECF No. 18]**

**I.    INTRODUCTION**

On January 3, 2023, *pro se* Plaintiff Tiara Thomas filed a Complaint that alleged Defendant USAA Federal Savings Bank ("Defendant") violated the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, *et seq.*, and also engaged in defamation and fraudulent concealment. ECF No. 1.

On January 31, 2023, Plaintiff requested a Clerk's Entry of Default, ECF No. 7, which the Clerk of the Court granted on February 1, 2023. ECF No. 8. On February 1, 2023, Plaintiff requested, and the Clerk of the Court denied, entry of default judgment in favor of Plaintiff against Defendant. ECF Nos. 9, 10.

On February 1, 2023, Defendant filed a Motion to Set Aside Default, ECF No. 12. Plaintiff did not respond to the Motion to Set Aside Default, but she did file an Amended Complaint on February 6, 2023. ECF No. 17. The Amended Complaint contained only one count, an alleged violation of TILA because Defendant did not return payments to Plaintiff after receipt of her notice of recission. On February 14, 2023, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint. ECF No. 18. Plaintiff has not filed a response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

For the reasons that follow, the Court grants Defendant's Motion to Set Aside Default and Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

## II.   BACKGROUND

In the Amended Complaint, Plaintiff alleges that, on July 12, 2022, she entered into a consumer credit transaction with the Defendant in order to purchase a 2015 Jeep Grand Cherokee. Plaintiff alleges that Defendant failed to perform its duty as creditor to disclose to Plaintiff information required pursuant to 15 U.S.C 1631. Plaintiff alleges that the information and forms required under 15 U.S.C. 1635 were not delivered or provided to Plaintiff by Defendant.

Plaintiff claims she is within the three-year time limit after the date of consummation of the transaction during which she can exercise her right to rescind pursuant to 15 U.S.C. 1635(f). On December 9, 2022, Plaintiff sent Defendant a

2

notice of rescission by Certified Mail, and it was received by Defendant on December 14, 2022. Plaintiff asserts that January 3, 2023 was the expiration date for Defendant to return Plaintiff's previous payments totaling $988.10 and take any action necessary or appropriate to reflect the termination of the security interest created under the transaction. Plaintiff alleges Defendant failed to perform those obligations and therefore violated 15 U.S.C. 1635(b).

On January 29, 2023, Defendant repossessed Plaintiff's vehicle. On January 30, 2023, Plaintiff had to pay $2,081.55, including a $550.00 repossession fee, to reclaim her vehicle, despite the defendant's failure to perform following the notice of rescission pursuant to 15 U.S.C 1635(b). Plaintiff alleges that she was charged additional fees by Monarch Recovery Services for storage and service, in the amount of $95.00. Plaintiff states that she was denied copies of the signed release forms and a receipt for the additional charges of $95.00 by Monarch Recovery Services.

### III.  ANALYSIS

**A.  Motion to Set Aside Default**

*1.  Legal Standard*

Pursuant to Federal Rules of Civil Procedure 55(c), an entry of default may be set aside only upon the showing of: (1) mistake, inadvertence, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other

misconduct of the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from judgment. *See also Burrell v. Henderson*, 434 F.3d 826 (6th Cir. 2006); *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839 (6th Cir. 1983).

As set forth in *United Coin*, the Court also must determine that good cause exists for setting aside a default by assessing whether: (a) the plaintiff will be prejudiced; (c) the defendant has a meritorious defense; and (c) culpable conduct of the defendant led to the default. *Id.* at 845; *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). As the entry of default is a harsh sanction, "[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin*, 705 F.2d at 846; *Shepard*, 796 F.2d 193 (there is a strong preference for deciding cases on the merits rather than by default).

2. *Analysis*

A named defendant "becomes a party officially, and is required to take action in that capacity, only upon [proper] service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 350 (1999). As the Sixth Circuit has held, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named

4

Case 2:23-cv-10003-DPH-EAS   ECF No. 22, PageID.121   Filed 05/05/23   Page 5 of 10

defendant." *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). *See also King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (explaining that "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant[,]" and "in the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." (internal quotation marks and citations omitted)); *Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, 229 F.3d 1153, No. 99-5018, 2000WL 1257040, at *5 (6th Cir. 2000) (TABLE) (citing 10 A. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682) ("Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant."); *Etherly v. Rehabitat Systems of Mich.*, No. 13-11360, 2013 WL 3946079 (E.D. Mich. July 31, 2013) ("if service of process was not proper, the court must set aside an entry of default.").

> As a court in the Eastern District of Michigan stated:
>
> <u>When evaluating either a motion to set aside a proper entry of default</u> or a default judgment, <u>the court considers three factors</u>: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).
>
> "<u>However, these three factors only require consideration when service of process is properly effected because without proper service the</u>

5

<blockquote>
<u>court has no jurisdiction to take any action over the defendant, including entering a default.</u>" *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). <u>Accordingly, "if service of process was not proper, the court must set aside an entry of default."</u> *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).
</blockquote>

*Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936, at **5-6 (E.D. Mich. Feb. 22, 2016) (emphasis added).

In this case, the Clerk's Entry of Default against Defendant must be set aside because there was no proper service of the summons and complaint. Plaintiff was obligated to serve Defendant in compliance with Federal Rule of Civil Procedure 4, including Rule 4(h) and Rule 4(e). Rule 4(h) requires that a plaintiff make personal service on "an officer, a managing agent or general agent, or another agent authorized by appointment or by law to receive service of process."

Plaintiff filed a Proof of Service on January 17, 2023, representing that service was perfected upon Defendant on January 9, 2023, when the summons and the (original) Complaint were served upon Maria Hernandez, 10750 McDermott Freeway, San Antonio, Texas, 18288. ECF No. 6. Maria Hernandez, however, is not an officer, managing or general agent, or other agent authorized by Defendant or by law. Instead, Defendant has designated as its agent for service of process the Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701

6

("CSC"). There is no indication by Plaintiff or in the record that CSC was served with any summons and complaint in this case.

As "service of process was not proper, the [C]ourt must set aside [the] entry of default." *Etherly Rehab. Sys. of Mich.*, 2013 WL 3946079, at *4 (E.D. Mich. July 31, 2013). This is true even though Defendant eventually received the summons and complaint. *See, e.g., LSJ Inv. Co., Inc. v. O.L.D. Inc.*, 167 F.3d 320, 322 (6th Cir. 1999) ("Actual knowledge of a lawsuit does not cure a technically defective service of process."). Accordingly, for the reasons set forth above, the Court grants Defendant's Motion to Set Aside Default and orders that the Clerk's Entry of Default be vacated.

**B.     Motion to Dismiss**

    *1.     Legal Standard*

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. The Court must accept all well-pleaded factual allegations as true and review the complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate

more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   2.   *Analysis*

Plaintiff complains that she provided Defendant with a notice of recission with respect to her automobile loan on a 2015 Jeep Grand Cherokee. She brings her action under TILA, pursuant to which she has certain rights due from Defendant, as she is a consumer and Defendant is a creditor under TILA. *See* 15 U.S.C. §1602(i), (g). Plaintiff correctly cites 15 U.S.C. §1635 for the proposition that a consumer has a right to recission under TILA. The recission provision of TILA, however, does not extend to automobile loans. The recission provision applies only to credit transactions involving "property which is used as the principal dwelling of the" consumer. 15 U.S.C. §1635(a). Section 1635(a) provides in full:

> Except as otherwise provided in this section, <u>in the case of any consumer credit transaction</u> (including opening or increasing the credit limit for an open end credit plan) <u>in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in **any property which is used as the principal dwelling** of the person to whom credit is extended, the obligor shall</u>

> have the <u>right to rescind the transaction</u> until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Bureau, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

15 U.S.C. §1635(a) (emphasis added).

Plaintiff's property is an automobile, not a principal dwelling. For that reason, she does not have a right to rescind her transaction with Defendant. *See, e.g., Blue v. Cap. One Auto Fin.*, 2022 WL 1092121, at *2 (N.D. Ohio Apr. 12, 2022) ("By the express language of the statute, this right of recission and the return of property apply only to residential mortgages. They do not apply to the purchase of a motor vehicle."); *West v. Wells Fargo Auto*, 2023 WL 199676, at *3 (E.D. Pa. Jan. 17, 2023) ("Courts routinely hold that the right to rescind under § 1635(a) does not apply to the purchase of motor vehicles.").

In the Amended Complaint, the only relief Plaintiff seeks is based on Defendant's failure to comply with TILA upon Plaintiff's recission of the consumer credit agreement. But, because TILA does not afford Plaintiff a right of recission on her automobile loan, the Court finds that Plaintiff's

Amended Complaint does not contain a claim upon which relief can be granted. For that reason, the Court grants Defendant's Motion to Dismiss Plaintiff's Amended Complaint and dismisses Plaintiff's cause of action.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant's Motion to Set Aside Clerk's Entry of Default [ECF No. 12] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court shall **VACATE** the Clerk's Entry of Default [ECF No. 8].

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 18] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**. Judgment will be entered separately.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: May 5, 2023          UNITED STATES DISTRICT JUDGE